UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL LONG,                                        No. C-13-2919 EMC

        Plaintiff,

        v.                                           **ORDER TO SHOW CAUSE**

FORTY NINERS FOOTBALL
COMPANY LLC, *et al.*,

        Defendants.
_____/

        Before the Court is Defendants Forty Niners Football Company LLC's and John York's motion to dismiss the first cause of action of Plaintiff Daniel Long's first amended complaint for breach of contract and Plaintiff's request for punitive damages. (Dkt. No. 16).

        This Court has an obligation to assure itself that it has subject matter jurisdiction over this action. *See Csibi v. Fustos*, 670 F.2d 134, 136 n.3 (9th Cir. 1982) (noting that lack of subject matter jurisdiction can be raised *sua sponte* by a court at any time as it is "the duty of the federal courts to assure themselves that their jurisdiction is not being exceeded"). Plaintiff alleges in his first amended complaint that jurisdiction is proper under 28 U.S.C. § 1332. (Dkt. No. 5, at 1). In order for diversity jurisdiction to exist, there must be complete diversity between the parties. *See* 28 U.S.C. § 1332(a)(1); *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008). Here, Plaintiff has alleged that he is a resident of California and "the Forty Niners Football Company, LLC is a Delaware limited liability company and John York is a resident of the state of Ohio." (Dkt. No. 5, at 1).

Plaintiff has failed to adequately allege facts demonstrating that this Court has jurisdiction. For purposes of determining diversity jurisdiction, a limited liability company is deemed to have the citizenship of each of its members. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). Because Plaintiff's first amended complaint contains no allegations regarding the citizenship of each of Defendant Forty Niners Football Company LLC's members, this Court is unable to determine if there is complete diversity between the parties and thus, whether it has subject matter jurisdiction over this dispute. *See, e.g., Wagner v. Spire Vision LLC*, No. 13-00054 YGR, 2013 WL 941383, at *1 (N.D. Cal. Mar. 8, 2013) (remanding action to state court because "Defendants have failed to allege adequately the citizenship of all the parties to this action. Limited liability companies, or LLCs, are like partnerships in that they are a citizen of every state where its owners and members are citizens."); *Nguyen v. BrooksAmerica*, No. CV 09-7054-JFW, 2009 WL 3162435, at *1 (C.D. Cal. Sept. 29, 2009) (dismissing for lack of subject matter jurisdiction, in part, because "Plaintiffs have failed to specifically allege . . . the citizenship of each member of the LLC defendant.").

Accordingly, the parties are **ORDERED TO SHOW CAUSE** why this action should not be dismissed for lack of subject matter jurisdiction. Specifically, by 5:00 p.m., October 18, 2013, Defendant Forty Niners Football Company LLC shall file a statement in which it lists each of its members and the States of which they are citizens.

IT IS SO ORDERED.

Dated: October 16, 2013

_____
EDWARD M. CHEN
United States District Judge