UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LONG,<br><br>    Plaintiff,<br><br>    v.<br><br>FORTY NINERS FOOTBALL COMPANY LLC, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-13-2919 EMC<br><br>**ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

## I. INTRODUCTION

Plaintiff Daniel Long filed the instant action alleging negligence and breach of contract causes of action on June 25, 2013. Defendants Forty Niners Football Company LLC and John York ("Defendants") moved to dismiss the breach of contract cause of action and punitive damages request for failure to state a claim under Fed. R. Civ. P. 12(b)(6). However, because this Court finds it lacks subject matter jurisdiction, this action will be **DISMISSED** without prejudice and Defendants' motion **DENIED** as moot.

## II. FACTUAL & PROCEDURAL BACKGROUND

Plaintiff alleges that on August 12, 2011, he purchased tickets for the August 20, 2011 preseason game between the San Francisco 49ers and the Oakland Raiders. (Dkt. No. 5, at 2). This game was held at Candlestick Park. (*Id.*) In addition to his ticket, Plaintiff alleges he also purchased a parking pass which allowed him to park in the Candlestick Park parking lot. (*Id.*) After the game concluded, Plaintiff's companion was attacked in the Candlestick Park parking lot and when Plaintiff attempted to rescue him, he was shot four times. (Dkt. No. 1, at 4).

Plaintiff alleges that the Defendants committed negligence and breached its contracts (namely the game ticket and the parking pass) with Plaintiff by failing to adequately protect Plaintiff. Specifically, Plaintiff alleges that Defendants "knew that concerns for fan safety had escalated because of the stabbing at the 2010 49er/Raider game held at Candlestick Park but they did not do anything to reduce the risk of a weapon being brought into the parking lot." (Dkt. No. 5, at 4). Further, Plaintiff alleges that Defendants failed to comply with the "National Football League Best Practices for Stadium Security and Best Practices for Fan Conduct" and that this failure to comply was a "substantial factor in bringing about plaintiff's injuries and damages." (*Id.*)

Plaintiff's original and first amended complaints sought to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff alleged that he is a resident of California while Defendant John York is a resident of the state of Ohio. (*Id.* at 1). Plaintiff further alleged that Defendant Forty Niners Football Company, LLC "is a Delaware limited liability company." (*Id.*)

### III.  DISCUSSION

Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity of the parties. *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008) ("Diversity jurisdiction requires complete diversity between the parties – each defendant must be a citizen of a different state from each plaintiff."). Defendants have not moved to dismiss this action for lack of subject matter jurisdiction. However, this Court has an "independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999).

Here, Plaintiff's complaints fail to adequately allege the citizenship of Defendant Forty Niners Football Company, LLC. Because an LLC is an unincorporated entity, it is treated as a citizen of every state of which its owners/members are citizens. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). As a result, because Plaintiff fails to specifically allege the citizenship of the members of Defendant Forty Niners Football Company, LLC, his complaint does not properly invoke the diversity jurisdiction of this Court. *See, e.g.*, *Wagner v. Spire Vision LLC*, No. 13-00054 YGR, 2013 WL 941383, at *1 (N.D. Cal. Mar. 8, 2013) (remanding action to state court because "Defendants have failed to allege adequately the citizenship

of all the parties to this action. Limited liability companies . . . are like partnerships in that they are a citizen of every state where its owners and members are citizens."); *Nguyen v. BrooksAmerica*, No. CV 09-7054-JFW, 2009 WL 3162435, at *1 (C.D. Cal. Sept. 29, 2009) (dismissing for lack of subject matter jurisdiction, in part, because "Plaintiffs have failed to specifically alleged . . . the citizenship of each member of the LLC defendant").

Rather than dismiss Plaintiff's amended complaint on this basis – particularly where, as here, it is unclear whether Plaintiff could have determined the citizenship of Defendant from publically available information – the Court issued an order to show cause directing the Defendant to list its members and the states of which they were citizens. (Dkt. No. 24). Defendant responded and stated that Defendant has only one member, Forty Niners Holding, L.P., a Delaware limited partnership. (Dkt. No. 28). However, because a limited partnership is deemed to be a citizen of every state of which its general and limited partners are citizens, Defendants' response did not provide the information necessary for this Court to assess its subject matter jurisdiction. *See, e.g.*, *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2009) ("[F]or purposes of determining diversity jurisdiction, a limited partnership is deemed to be a citizen of every state where its general *and* limited partners reside." (citation and internal quotation marks omitted)). Rather, where unincorporated entities are members of, or partners in, another unincorporated entity, "the citizenship must be traced through however many layers of members or partners there may be." *Feaster v. Grey Wolf Drilling Co.*, No. 07-0879, 2007 WL 3146363, at *1 (W.D. La. Oct. 25, 2007); *see also Hicklin Engineering, L.C. v. Bartell, et al.*, 439 F.3d 346 (7th Cir. 2006) ("A federal court thus needs to know each member's citizenship, and if necessary each member's members' citizenships.").[1]

Accordingly, this Court issued a second order to show cause, directing Defendant to list the general and limited partners of Forty Niners Holding, L.P., and the states of which these partners are

---

[1] For example, in *Johnson*, the defendant was a limited partnership. To determine whether there was diversity jurisdiction, the Ninth Circuit examined the citizenship of its partners – both of which were LLCs. *Johnson*, 437 F.3d at 899. As a result, the Ninth Circuit examined the citizenship of the members of the two LLCs to determine whether diversity jurisdiction was proper. *See id.*

3

citizens. (Dkt. No. 29). In response, Defendant indicated that Forty Niners Holdings, L.P. has two limited partners – Gideon Yu and Mark Wan[2] – who are residents of California. (Dkt. No. 30).[3] Thus, because Forty Niners Holdings, L.P. is deemed to be a citizen of California, Defendant Forty Niners Football Company LLC is also deemed to be a citizen of California. Because Plaintiff and one of the Defendants are both citizens of California, complete diversity is lacking, and this Court lacks subject matter jurisdiction.

### IV.  CONCLUSION

For the foregoing reasons, this action is **DISMISSED** without prejudice for lack of subject matter jurisdiction. *See Kelly v. Fleetwood Enterprises, Inc.*, 377 F.3d 1034 (9th Cir. 2004) (dismissals for lack of subject matter jurisdiction should be without prejudice). The Clerk is directed to enter judgment and close the file.

IT IS SO ORDERED.

Dated: October 23, 2013

_____
EDWARD M. CHEN
United States District Judge

---

[2] The website of the San Francisco 49ers lists Mr. Yu as President and Mr. Wan as "Ownership." *See* Front Office, 49ers.com, http://www.49ers.com/team/front-office.html

[3] Plaintiff was provided an opportunity to respond to the Defendants' disclosure regarding the citizenship of Defendant Forty Niners Football Company LLC but did not do so.